SAMUEL NEWMAN, trustee in bankruptcy, & another [1]
*vs.* JOSEPH GREENBERG & others. [2]

Norfolk.   February 11, 1972. — April 13, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, & BRAUCHER, JJ.

*Bills and Notes,* Accommodation, Condition.   *Surety.   Mortgage,* Of real estate: foreclosure.

Where a trust note was signed by one of the plaintiffs in a suit individually and as trustee and by the other individually and was secured by mortgages on the trust property and real property of the plaintiffs, the plaintiffs were not accommodation makers of the trust note with respect to the maker of a later note to the trust, subsequently assigned as additional security to the holder of the trust note, and the plaintiffs were not discharged from their liability on the trust note when the holder of the trust note released the maker of the later note, whose obligation to the trust had terminated before such release. [596]

Where, in purchasing a portion of certain trust property, the buyer gave the seller a note secured by a mortgage on the property purchased and executed pursuant to a purchase and sale agreement providing for a deed subject to a first mortgage, granting the buyer an option to purchase the remaining trust property, and providing that the buyer "shall be under no obligation to contribute to any costs relating to said land during the option period," a finding that it was a condition of the note that the trust meet its payments on the first mortgage was not plainly wrong. [596–597]

Where there was evidence that the maker of a note to a trust had paid interest on it, but had failed to make any principal payments on the note because, before the first payment was due, he was advised that the trust had failed to meet one of the condi-

---

[1] This suit was originally brought by Anthony E. DiCastro and his wife, Alice G. DiCastro.   Anthony E. DiCastro was later adjudicated bankrupt and his trustee in bankruptcy was substituted for him as a party plaintiff.   For convenience Anthony E. DiCastro will be referred to as a plaintiff in the opinion.

[2] David Siegel and Norman Siegel, his son.

tions of the note, a finding that default by the trust preceded default by the maker of the note was not plainly wrong. [597]

BILL IN EQUITY filed in the Superior Court on December 23, 1969.

The suit was heard by *Kalus*, J.

*Samuel E. Newman* (*Marshall M. Schribman* with him) for the plaintiffs.

*Morris Michelson* for the defendants.

BRAUCHER, J. By this bill in equity the plaintiffs seek an injunction against the foreclosure of a mortgage on their land and buildings (DiCastro mortgage), an accounting, and a dissolution of the mortgage. The trial judge made findings, rulings and an order for decree and dismissed the bill, and the plaintiffs appeal. The evidence is reported.

We summarize the judge's findings. The defendant Greenberg in January, 1967, lent $50,000 to the Canton Industrial Property Trust (the Trust) on a note (the Trust note) signed by the plaintiff Anthony E. DiCastro (DiCastro) and another individually and as trustees and by others, including the other plaintiff, individually. The Trust note was secured by a second mortgage on the Trust property and by the DiCastro mortgage now sought to be foreclosed. On November 29, 1967, the defendant David Siegel purchased from the trustees a one-quarter interest in the Trust property for $5,000 in cash and a note (the Siegel note) for $45,000. The Siegel note was secured by a mortgage on the interest purchased, and the Siegel note and mortgage were assigned by the trustees to Greenberg as additional security for the Trust note. It was a condition of the Siegel note that the Trust meet its payments when due on the first mortgage on the Trust property to Norfolk County Trust Company (Norfolk).

David Siegel paid interest of about $4,000 on the Siegel note, but ceased payments when the Trust defaulted on the Norfolk mortgage. In 1968, Norfolk foreclosed that mortgage, wiping out the interests of

Greenberg and Siegel in the Trust property. In May, 1969, after bringing suit against David Siegel, Greenberg executed a release to David Siegel upon payment of $56,500, the amount then due to Greenberg. Greenberg also assigned to Norman Siegel the Trust note, the DiCastro mortgage and the Siegel note. In December, 1969, Norman Siegel initiated foreclosure proceedings on the DiCastro mortgage, and the DiCastros then brought this suit. In September, 1970, DiCastro was adjudicated bankrupt, and in February, 1971, his trustee in bankruptcy was substituted for him as party plaintiff.

1. On the facts found by the judge, he correctly concluded that DiCastro was not discharged from his liability on the Trust note and that no money is due from the Siegels to DiCastro. The DiCastros may have been accommodation makers of the Trust note, in the sense that they signed the note for the purpose of lending their names to the Trust. G. L. c. 106, § 3–415 (1). See *Rose* v. *Homsey*, 347 Mass. 259, 263. As the judge ruled, however, they were not accommodation parties as to David Siegel, who was not a party to the Trust note. If David Siegel had remained liable to the Trust on the Siegel note, they might have been sureties for him, entitled to assert that they were discharged when the creditor released the principal debtor. G. L. c. 106, §§ 3–601 (2), 3–606 (1). But if, as the judge found, it was a condition of David Siegel's obligation to the Trust that the Trust meet its payments on the Norfolk mortgage and, if that condition was broken, David Siegel's obligation to the Trust ceased and neither the Trust nor the DiCastros had any rights of recourse against him. He might still, if he had so agreed, have remained liable to Greenberg as the assignee of the Siegel note, but he was free to negotiate with Greenberg to settle that liability by paying Greenberg and taking an assignment of Greenberg's rights against the DiCastros. The suretyship, if any, then ran the other way, and Siegel was free to seek recourse against the DiCastros.

2. The plaintiffs attack as plainly wrong the judge's

finding that it was a condition of the Siegel note that the Trust meet its payments on the Norfolk mortgage. No such condition is found in the note itself, but the note was executed pursuant to a purchase and sale agreement between the trustees and David Siegel. The agreement provided for a deed subject to the Norfolk mortgage, granted to David Siegel an option for one year to purchase the remaining three-quarters of the Trust property, and provided, "The Buyer shall be under no obligation to contribute to any costs relating to said land during the option period contained herein [other than his proportionate share of real estate taxes and mortgage interest payments]." The language in brackets was struck out. The quoted language is not so explicit as it might have been, but we think it was capable of bearing the meaning given it by the judge, and that his conclusion that in the circumstances it established a condition of the Siegel note was not error.

3. The plaintiffs also attack as plainly wrong the judge's finding that David Siegel "ceased making any further payments when the Trust defaulted in its payments on the Norfolk mortgage." They contend that David Siegel defaulted first and not the Trust. The Siegel note was dated December 20, 1967, and called for a payment of $25,000 six months after date which was not made. David Siegel testified that he made interest payments until that payment was due, and that "before the money was due" Norfolk advised him that payments by the Trust were in default. In view of that testimony we cannot say the finding was plainly wrong.

4. We need not pass on the questions whether Greenberg was a holder in due course of the Siegel note, whether Norman Siegel should be treated as an independent party or as the nominee of David Siegel, or whether either of the Siegels gave value to Greenberg beyond what they owed him on the Siegel note. The effect to be given to rent checks received from tenants of the DiCastro property can be left to foreclosure or other proceedings.

*Decree affirmed with costs of appeal.*